IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 31 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



| | |
|---|---|
| LEONEL CHINO and ABRAHAM CHINO, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| CHICAGO GOURMET BAKERY, Inc. and PAUL BACH, and NICK ADDELANTE, individually, | ) ) ) ) |
| Defendants. | ) ) |

06CV1788
JUDGE MAROVICH
MAG. ASHMAN

## COMPLAINT

Plaintiffs bring this action to recover from Defendants unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.), hereinafter referred to as the "Act".

### JURISDICTION

A. Jurisdiction over this action is conferred on this Court by §16(b) of the Act and by the provisions of 28 U.S.C. §.216(b) and by 28 U.S.C. §§1331 and 1337, relating to "any civil action or proceeding arising under any Act of Congress"; and by principles of pendent jurisdiction.

B. At all relevant times, Plaintiffs have been residents of the Northern District of Illinois.

C. At all relevant times, Plaintiffs were "employees" of Defendants within the meaning of §3(e) of the Act, 29 U.S.C. 203(e).

D. Defendant, Chicago Gourmet Bakery is an Illinois corporation having its manufacturing plant at 2035 N. 15th Avenue, Melrose Park, Illinois, within the jurisdiction of this court and at all relevant times was engaged in the production and sale of bakery goods.

E. At all relevant times Defendant Paul Bach, an individual, has resided within Cook County Illinois within the jurisdiction of this court, is owner of Chicago Gourmet Bakery, was actively engaged in the management, supervision, and oversight of the corporation and its' employees and acted to hire, fire and discipline employees, and was an employer within the meaning of § 3(d) of the Act.

F. At all relevant times, Defendant Nick Addelante, an individual, was actively engaged in the management, supervision, and oversight of the corporation and its' employees and had the ability and did act to hire, fire and discipline the employees, and was an employer within the meaning of § 3(d) of the Act.

G. Defendant Chicago Gourmet Bakery, at all relevant times, was an enterprise within the meaning of §3(r) of the Act.

H. At all relevant times, Plaintiffs were engaged in commerce or in the production of goods which moved in interstate commerce, or were employed by an enterprise engaged in commerce or the production of goods for commerce, including perishable goods, within the meaning of §3(s)(1)(A) of the Act..

## COUNT I - UNPAID OVERTIME

A. Defendants employed the Plaintiff Leonel Chino as a baker from about June 2005 through October 20th 2005 and paid him at the hourly rate of $7.00 per hour.

B. Defendants employed Plaintiff Abraham Chino as a baker from about June, 2005 through about October 2005 at the hourly rate of $7.50 per hour.

C. During the periods set forth in (A) and (B) of this count, Defendants employed Plaintiffs at least four work weeks to work in excess of forty hours per week and failed to compensate Plaintiffs for such hours worked in excess of forty hours per work week at a rate not less than one and one-half times the regular hourly rate at which Plaintiffs were employed by Defendants.

D. Defendants' failure to compensate Plaintiffs for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular hourly rate at which Plaintiffs were employed by Defendants violated §7(a) of the Act, 29 U.S.C. §.207(a).

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants and in favor of Plaintiffs for:
1. The full amount of Plaintiffs' unpaid overtime and an additional equal amount as liquidated damages;
2. Reasonable attorneys' fees and costs; and
3. Any other relief this Court deems just.

3

## COUNT II - UNPAID MINIMUM WAGES

A. During the time that Defendants employed Plaintiffs, Defendants did not pay Plaintiffs at all for many work weeks.

B. Defendants' failure to pay Plaintiffs at all for these workweeks violated § 6 of the Act, 29 U.S.C. § 206.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants and in favor of Plaintiffs for:

> 1. The full amount of Plaintiff's unpaid minimum wages and an additional equal amount as liquidated damages;
> 2. Reasonable attorneys' fees and costs; and
> 3. Any other relief this Court deems just.

## COUNT III: ILLINOIS MINIMUM WAGE LAW

A. Plaintiffs bring this Count to recover from Defendants unpaid minimum wages, unpaid overtime compensation, punitive damages, attorneys' fees and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS 105 et.seq. hereinafter referred to as the "Illinois Act".

B. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(c) of the Illinois Act, 820 ILCS 105/3.

C. At all relevant times, Plaintiffs were "employees" of Defendants within the meaning of Section 3(d) of the Illinois Act, 820 ILCS 105/3.

D. Plaintiffs hereby reallege Paragraphs C and D of Count I and incorporate those paragraphs by reference as though fully set forth herein.

4

E... Plaintiffs hereby reallege Paragraph A of Count II and incorporate that paragraph by reference as though fully set forth herein.

F. Defendants' failure to compensate Plaintiffs for hours worked in excess of forty hours per work week at a rate not less than one and one-half times the regular hourly rate at which Plaintiffs were employed by Defendants violated Section 4(a) of the Illinois Act 820 ILCS 105/4(a).

G. Defendants' failure to pay Plaintiffs at all for at least two weeks violated Section 2 of the Illinois Act, 820 ILCS 105/2.

WHEREFORE, Plaintiffs pray that this Court enter judgment herein against Defendants and in favor of Plaintiffs for:

1. The full amount of Plaintiffs' unpaid overtime compensation and punitive damages as allowed by Section 12(a) of the Illinois Act, 820 ILCS 105/12.

2. The full amount of Plaintiff's unpaid minimum wages and punitive damages as allowed by Section 12(a) of the Illinois Act, , 820 ILCS 105/12.

3. Reasonable attorneys' fees and costs; and

4. Any other relief this Court deems just.

LAW OFFICE OF DENISE M. DEBELLE

By: _____
Attorney for Plaintiffs

2436 West Coyle Avenue
Chicago, Il 60645
773.856.6496 (phone)